## Alvin Talbot and Clarence Shoot, Appellees, v. Atlantic Horse Insurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Coles county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of facts. Opinion filed April 16, 1915. Rehearing denied May 26, 1915.

### Statement of the Case.

Action by Alvin Talbot and Clarence Shoot against Atlantic Horse Insurance Company to recover upon a policy of insurance issued by defendant on the life of a horse which died during the term of the policy. From a judgment for plaintiff for $1,000, defendant appeals.

The policy was delivered to plaintiffs on the 20th day of January, 1913, and by its terms commenced at noon on the 22nd day of January, 1913, and was for the term of one year.

The horse took sick on the 21st day of January, 1913 and died about 1:30 in the afternoon of the 23rd of January, 1913. It was claimed by plaintiffs that the sickness of the 21st was not the cause of the death of the horse on the 23rd, but that in the forenoon of the 23rd the horse became sick from another and different disease, and died the same day.

By the third clause of the policy it was provided, that in the event of said animal's sickness, that it should be the duty of the insured to immediately procure the services of a veterinary, and that the insured should also notify the Atlantic Horse Insurance Company, Providence, Rhode Island, by sending a telegram immediately, and should also send a registered letter within twenty-four hours if the animal became incapacitated. "And the failure to perform any of the requirements above mentioned in this paragraph, if

588. APPELLATE COURTS OF ILLINOIS.

Talbot et al. v. Atlantic Horse Ins. Co., 193 Ill. App. 587.

death ensue, shall relieve the company of any and all liabilities under the policy.''

It was admitted by plaintiffs that these provisions of the policy were valid and that a telegram was not sent to defendant as required by it. The evidence showed that the horse died about 1:30 p. m., and that Talbot, who lived out of town a couple of miles on a farm where the horse was, notified E. D. Stull, the agent of the company, and that Stull went out about 2:30 p. m., and came in and sent a telegram to the Atlantic Horse Insurance Company at Providence, Rhode Island, and wrote a letter that same evening to the company. The evidence showed that the telegram was actually received by the company at 5:23 p. m., of the same day. The telegram stated that the horse had taken sick that morning at 10 and died about 2:30. The letter was more in detail. On the 25th, after receiving the telegram and letter, the company cashed a check for the premium. Afterwards the company sent blank proofs of loss. The proofs of loss were completed January 30th and sent in. On the 18th of March the company denied liability and returned the premium, which was refused by plaintiff. This was contended by plaintiff to be a waiver of the notice required in the third clause of the policy. The horse was taken sick on the morning of the 21st and there is nothing in the record to show that he recovered from that sickness before his death. The horse was being treated by Talbot for the sickness contracted on the 21st at the time it was discovered he had another disease and from which plaintiff claimed he died.

There was no evidence in the record that at the time the company cashed the check for the premium or that at the time the proofs of loss were sent that the appellant had any notice whatever that the horse had been sick prior to the 23rd.

THOMAS J. GRAYDON and HENRY A. NEAL for appellant.

CHARLES C. LEE and ALBERT C. ANDERSON, for appellees.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 364*—*when acceptance of premium without notice of breach of condition not a waiver.* A live stock insurance company does not waive its rights to have notice of the sickness of a horse which took sick between the date of delivery of the policy and the date when the policy took effect, where the policy provided that in the event of sickness it should be the duty of the insured to immediately notify the company by sending a telegram and by sending a registered letter if the animal became incapacitated, and that the failure to so do would invalidate the policy, and the horse again became sick on the day after the policy took effect and died in the afternoon of the same day, and the agent of the company, upon notification of the second sickness by the insured, telegraphed the company on the same day that the horse had taken sick that day and had died, and gave the details in a letter, and, after receipt of the letter and telegram, the company, without notice of the first sickness, cashed a check for the premium and afterwards sent blank proofs of loss, but, after receiving the proofs of loss, denied liability and returned the premium to the insured.

2. INSURANCE, § 221*—*when breach of condition as to notice of sickness of horse bars recovery.* Where a policy of insurance upon the life of a horse requires immediate notice by telegram and by registered letter of the sickness and provides that the failure to give such notice shall invalidate the policy, there can be no recovery upon the policy if there is a violation of the condition, even though the horse took sick at a time between the date of delivery of the policy and the date it took effect, and may have died of another disease which it contracted the day after the policy took effect.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.